IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
Oxford Division

| | |
|---|---|
| JOHN RASH, | ) |
|       *Plaintiff*, | ) Civil No. _____ |
| v. | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| LAFAYETTE COUNTY, MISSISSIPPI, | ) |
|       *Defendant*. | ) |

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff John Rash respectfully requests, pursuant to Federal Rule of Civil Procedure 65(a), that the Court grant a preliminary injunction requiring Defendant to issue a permit to John Rash for use of the County Courthouse grounds on August 8, 2020 during the Oxford Fringe Festival for the PROJECT(ion) art event between 8 pm and 11 pm, and/or enjoining Defendant from interfering with or otherwise taking adverse action against John Rash or other participants in the PROJECT(ion) art event for actual or alleged noncompliance with the County's permitting policies.

1. Plaintiff alleges that Defendant violated his First Amendment rights by denying his application for a permit for use of the County Courthouse grounds to engage in political and artistic expression during the upcoming Oxford Fringe Festival, an annual event which is scheduled to be held during the weekend of August 7-9, 2020. The event Plaintiff seeks to hold on the County Courthouse grounds, entitled PROJECT(ion) (the "Event"), is part of this festival, and has been scheduled for the evening of August 8, 2020.

2. Because the Event is scheduled for August 8, 2020, this motion is an urgent and necessitous matter within the meaning of L.U. Civ. R. 7(b)(8). Plaintiff will be irreparably

harmed in the exercise of his First Amendment rights if preliminary injunctive relief is not obtained prior to August 8, 2020.

3. Pursuant to L.U. Civ. R. 7(b)(6)(A), Plaintiff respectfully requests oral argument on this Motion, to be conducted by video or telephonic conference in accordance with Section 4(a) of this Court's Standing Order *In re: The Novel Coronavirus (COVID-19)*, No. 3:20-mc-0009 (ECF Doc. 1, Mar. 13, 2020).

4. Plaintiff John Rash is an Oxford resident who works as a documentary filmmaker, photographer, visual artist, and educator. For the past three years, Mr. Rash has organized an annual art event, PROJECT(ion), as part of the Fringe Festival. For the past two years, artists have produced light installations as part of PROJECT(ion). Last year, the Event included projections on the County Courthouse, including projections with political themes.

5. The County Courthouse stands in the center of Oxford's town square. The County Courthouse grounds, complete with sidewalks and benches, are an archetypical traditional public forum, and have hosted numerous public events, protests, and debates over the years. The County Courthouse grounds also features a Confederate monument that has been the subject of substantial recent public debate, discussion, and protest. Because of this, restrictions on the public's right to exercise First Amendment freedoms on the County Courthouse grounds are disfavored, and must satisfy a heightened standard of review to withstand scrutiny.

6. As applied to the County Courthouse grounds, the permitting policies adopted by the County are not narrowly tailored to serve a compelling state interest, and therefore act as an unreasonable prior restraint on the exercise of Plaintiff's First Amendment freedoms.

7. The County has recently enacted a rule prohibiting any presence on County Courthouse grounds between thirty minutes before dusk and dawn. The County denied Mr.

2

Rash's application for a permit to hold his Event on the basis of this rule. Laws that bar the public from traditional public forums after dark are unconstitutional absent a specific and compelling justification. No such justification exists here; therefore, this rule violates Plaintiff's First Amendment rights, and its enforcement should be enjoined.

8. The County has also recently announced that permits are required if more than four persons wish to gather on County Courthouse grounds. This restriction is not narrowly tailored and cannot survive heightened scrutiny. Permitting requirements are not reasonably necessary to achieve a significant government purpose when applied to individuals or small groups. Therefore, enforcement of this permit requirement must be enjoined as well.

9. The County's requirement that permit applications be submitted at least 30 days before the gathering, event, or protest at issue also violates the First Amendment. Such a lengthy notice requirement does not further government objectives and substantially risks stifling speech.

10. The County's permitting process also fails First Amendment scrutiny because it is a prior restraint on free expression that vests too much discretion in County officials, and because its application to the County Courthouse grounds is vague, ambiguous, and fails to provide the requisite notice to Plaintiff and other members of the public of the conditions the County seeks to impose on exercise of First Amendment rights.

11. In addition, Defendant unconstitutionally retaliated against Plaintiff based on the content of his speech. Defendant's agents requested information regarding the subject matter of Plaintiff's Event prior to processing his permit application, and learned that Plaintiff's Event would address social and political issues related to the Confederate monument on the County Courthouse grounds. Four days thereafter, Defendant enacted the prohibition on use of the grounds after dark, and subsequently denied Plaintiff's permit. The temporal proximity of these

events is strong circumstantial evidence that the enactment of this new restriction constituted a retaliatory forum closure on the part of Defendants, resulting from the anticipated content of Plaintiff's speech and/or artistic expression. An injunction is proper for this reason as well.

12. Because Plaintiff's Motion establishes a likelihood of the violation of Plaintiff's First Amendment rights, the other elements of the preliminary injunction analysis also weigh in Plaintiff's favor. The instant Motion should therefore be granted. In addition, because the requested injunction vindicates constitutional rights, the Court should also waive the bond requirement of Rule 65(c).

13. In support of this Motion, Plaintiff submits the exhibits listed below and an accompanying Memorandum of Law in support.

1. **Exhibit 1:** Lafayette County Facility Use Policy, Effective Date: April 20, 2015.

2. **Exhibit 2:** March 4, 2019 Lafayette County Board of Supervisors Order: Board Adopted and Amended the Facility Use Policy.

3. **Exhibit 3:** June 15, 2020 Lafayette County Board of Supervisors Order: Amend Facility Use Policy Regarding Use of Courthouse Grounds.

4. **Exhibit 4:** Declaration of John Rash dated July 30, 2020, along with Exhibits 1 through 7 annexed thereto.

RESPECTFULLY SUBMITTED, this 31st day of July, 2020.

/s/ Joshua Tom_____

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood\*<br>Isaac Rethy\*<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000<br>jyoungwood@stblaw.com<br>irethy@stblaw.com<br><br>\**pro hac vice forthcoming* | AMERICAN CIVIL LIBERTIES UNION OF<br>MISSISSIPPI FOUNDATION, INC.<br>Joshua Tom, MS Bar. No 105392<br>Landon Thames, MS Bar No. 105127<br>P.O. Box 2242<br>Jackson, MS 39225<br>Phone: (601) 354-3408<br>jtom@aclu-ms.org<br>lthames@aclu-ms.org |

## CERTIFICATE OF SERVICE

I, Joshua Tom, hereby certify that on July 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

/s/: Joshua Tom
Joshua Tom