**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOHN RASH**                                                                                  **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO.:  3:20-CV-224-NBB-RP**

**LAFAYETTE COUNTY, MISSISSIPPI**                                        **DEFENDANT**

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

---

COMES NOW, Lafayette County, Mississippi, the Defendant in the above-styled and numbered cause, by and through counsel, and files its Response in Opposition to the Motion for Preliminary Injunction, and would state as follows:

1.

The present motion should be denied as the plaintiff cannot establish each of the <u>Canal Authority</u> criteria for the granting of the extraordinary relief of a preliminary injunction in this First Amendment action concerning the proposed late-night use of the Lafayette County Circuit Courthouse grounds. First, as to demonstrating a "substantial likelihood of success on the merits", the underlying premise of plaintiff's case, that is, that the Courthouse grounds are a "traditional public forum" deserving of strict scrutiny protection, is plainly wrong and runs contrary to well-settled First Amendment principles. Second, the County's narrowly tailored policies are content – neutral and constitute reasonable time, place and manner restrictions on the use of the Courthouse facility. These restrictions, including the imposition of an evening curfew,

are supported by the substantial public safety interests at stake in limiting late-night access to the Courthouse grounds. In addition, the plaintiff has not shown that his interest in First Amendment expression has been infringed given the availability of other alternative forums which have been permitted for the so-called Fringe Festival on August 8, 2020. Finally, plaintiff's complaint concerning the County's 14 day advance permit requirement (which the plaintiff in fact satisfied) is a red herring issue and is not relevant herein because Lafayette County's denial of the plaintiff's request was not based on the facility use policy's permit requirements. Rather, the denial was based solely on the curfew. Accordingly, the present motion should be denied in all respects.

2.

The Defendant hereby incorporates the attached Exhibits A thru G and the accompanying Memorandum of Authorities in support of its Response.

3.

Wherefore, premises considered, the Defendant respectfully requests that this Court deny the present motion. The Defendant also requests any other relief which the court may find warranted in the premises.

THIS, the 5th day of August, 2020.

    Respectfully submitted,

    CLAYTON O'DONNELL PLLC
    1300 ACCESS ROAD, SUITE 200
    P.O. Drawer 676
    Oxford, MS 38655
    Telephone: (662) 234-0900
    Facsimile: (662) 234-3557

    /s/ David D. O'Donnell
    **DAVID D. O'DONNELL, MSB #3912**
    *Attorney for Lafayette County, Ms., Defendant*
    dodonnell@claytonodonnell.com

## **CERTIFICATE OF SERVICE**

    I, David D. O'Donnell, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

    This the 5th day of August, 2020.

    */s/ David D. O'Donnell*
    **DAVID D. O'DONNELL, MSB# 3912**
    dodonnell@claytonodonnell.com