<u>**VIA E-FILING AND ELECTRONIC MAIL**</u>

August 6, 2020

Re: *Rash v. Lafayette County, Mississippi*, No. 3:20-cv-00224-NBB-RP

Hon. Neal B. Biggers
United States District Court
Southern District of Mississippi
901 Jackson Avenue
Oxford, MS 38655-1238
Judge_Biggers@msnd.uscourts.gov


Dear Judge Biggers:

      Plaintiff John Rash respectfully submits this letter to provide a brief response to Defendant's August 4, 2020 briefing in opposition to Plaintiff's emergency motion for a preliminary injunction. In light of the necessarily compressed schedule of these proceedings, Plaintiff was unable to fully review and respond to Defendant's briefing in advance of yesterday's hearing. We therefore write in lieu of reply briefing to provide Plaintiff's position as to two legal matters raised in Defendant's opposition brief that were not addressed at yesterday's hearing.

      First, Plaintiff's motion is not subject to the heightened standards governing motions for mandatory injunctions. Plaintiff has asked the court to preliminarily enjoin enforcement of the new County policies that prevent him from engaging in protected speech during his August 8, 2020 event. Whether pursuant to a permit or otherwise, Plaintiff has the right to engage in protected speech on the courthouse grounds. Courts in this Circuit do not view motions seeking relief from enforcement of newly-enacted ordinances that impermissibly burden First Amendment rights as motions for mandatory injunctions subject to such heightened standards. *See, e.g.*, *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 284 (5th Cir. 2012) (ordinary preliminary injunction standard applied to motion to preliminarily enjoin enforcement of a church-specific permitting regulation); *Texas Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 204 (5th Cir. 2010) (ordinary preliminary injunction standard applied to motion to preliminarily enjoin enforcement of newly enacted permitting regulation); *Freelance Entm't, L.L.C. v. Sanders*, 280 F. Supp. 2d 533, 536 (N.D. Miss. 2003) (ordinary preliminary injunction standard applied to motion to preliminarily enjoin enforcement of ordinance recently enacted by the Board of Supervisors of Lowndes County, Mississippi).

      Second, Defendant's reliance on *Verlo v. City and County of Denver*, 741 Fed. Appx. 534 (10th Cir. 2018) and *Comfort v. McLaughlin*, 473 F. Supp. 2d 1026 (C.D. Cal. 2006) as support for the contention that courthouse grounds do not constitute traditional public forums is misplaced. Those cases instead demonstrate that whether courthouse grounds constitute a traditional public forum must be analyzed on a case-by-case basis. As the Tenth Circuit held in a prior ruling in the *Verlo* litigation, "[a]lthough there is little doubt the interior of a courthouse is a nonpublic forum, the forum status of a courthouse's exterior is dependent upon the unique facts

involved." *Verlo v. Martinez*, 820 F.3d 1113, 1142 (10th Cir. 2016). Similarly, the court in *Comfort* instructed that the public forum determination rests on "whether the forum has been traditionally made available for speech, whether the primary purpose of the forum is for expressive activity, and finally, the extent to which speech is incompatible with the usual functioning of the forum." 473 F. Supp. 2d at 1028.

Thus, courthouse grounds—particularly the grounds of historic courthouses located in town squares—can constitute traditional public forums, as the authorities cited by Plaintiff demonstrate. *See, e.g.*, *O'Connell v. Town of Burgaw*, 262 F. Supp. 3d 316, 320 (E.D.N.C. 2017) ("The Pender County Courthouse Square and its surrounding public streets and sidewalks are traditional public fora."); *Watters v. Otter*, 955 F. Supp. 2d 1178, 1186 (D. Idaho 2013) (describing "the grounds surrounding the old Ada County Courthouse" as a traditional public forum); *Occupy Fresno v. County of Fresno*, 835 F. Supp. 2d 849, 855–56 (E.D. Cal. 2011) (park that surrounds the County Court was a traditional public forum).[1]

Finally, both *Comfort* and *Verlo* address restrictions that were "targeted towards behavior that would impede free access to the Courthouse" and that were found to be "reasonable in light of the purposes of the forum" as a result. *Comfort*, 473. F. Supp. 2d at 1029. *See also Verlo*, 741 Fed. Appx. at 541 (upholding restriction preventing group "from handing out jury nullification literature in the restricted area" of a courthouse plaza based on the state judicial district's "interest in limiting activities that may disrupt the operation of the court"). This justification is absent here, as the "curfew" imposed by the County is in effect outside of the court's business hours.

Plaintiff thanks the Court for its attention to this letter, and for its consideration of Plaintiff's motion on an expedited basis. Counsel for Plaintiff is available at the Court's convenience should the Court have any questions.

Respectfully,

\_\_\_/s/: Joshua Tom_____

Joshua Tom

cc: David O'Donnell (*via email*)

---

[1] *See* Plaintiff's Memorandum at 10-11 & n.14.