Last Updated: February 2018
FORM 1 (ND/SD MISS. JAN. 2018)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

John Rash                                                     **PLAINTIFF**

v.                              **CIVIL ACTION**
                                **NO. 3:20-CV-224-NBB-RP**

Lafayette County, MS                            **DEFENDANT**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     3-4

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**     7-10

   **EXPERT TESTIMONY EXPECTED:** Yes     **NO. OF EXPERTS:**     2

   It is unclear whether expert testimony will be necessary at this point. The parties anticipate that at most one expert will be called per side.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

   Additional Information:

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN. 2018)

4. **DISCLOSURE.** (Pick one)

   The pre-discovery disclosure requirements of Fed.R.Civ.P.26(a)(1) and U.L.Civ.R. 16(d) and 26 (a) have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42 (b) will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __25__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than

   __10__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JAN. 2018)

    **E.**    The parties have complied with the requirements of Local Rule 26(f)(2) and (3)(C) regarding discovery of electronically stored information and have concluded as follows:

There will be discovery of ESI in this action. The parties are negotiating a stipulation regarding the form of production of ESI.

The parties have also agreed to enter into a stipulation regarding the designation and exchange of confidential information, which will contain customary terms regarding the protection of privileged information inadvertently produced by a party.

    **F.**    The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐ 5. Other:

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  NON-JURY TRIAL  during a  one-week  term of court beginning on: June 7, 2021 , at  10:00 ,  a.m. , in  Oxford , Mississippi, before United States  District  Judge  Neal B. Biggers .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS  3-4 . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: April 26, 2021 , at 10:00 ,  a.m. , in  Oxford , Mississippi, before United States  Magistrate  Judge Roy Percy .

   C. **Discovery.** All discovery must be completed by: January 15, 2021 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by: October 15, 2020 .

   E. **Experts.** The parties' experts must be designated by the following dates:

   **1.** Plaintiff(s):  November 2, 2020 .

   **2.** Defendant(s):  December 2, 2020 .

FORM 1 (ND/SD MISS. JAN. 2018)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: February 2, 2021    .The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) April 19, 2021    , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

September 15, 2020    /s/ Roy Percy
DATE                  UNITED STATES MAGISTRATE JUDGE