IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHN RASH                                                                                              PLAINTIFF(S)

v.                                                                         CIVIL ACTION NO. 3:20CV224-NBB-RP

LAFAYETTE COUNTY, MISSISSIPPI                                                          DEFENDANT(S)

### ORDER GOVERNING PRETRIAL CONFERENCE AND PREPARATION OF FINAL PRETRIAL ORDER
(Revised September 23, 2011)

The purpose of the final pretrial conference is to secure a just and speedy determination of the issues and prepare the formal pretrial order. To assure the parties' compliance with the provisions of Local Rule 16.2, the court places the following directives in the form of an Order, with which the failure to comply may result in appropriate sanctions. It is

**ORDERED:**

Counsel for all parties [or the party, if proceeding without counsel] must confer in person (face to face) at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial. It is be the duty of plaintiff or its counsel to initiate this conference, and the duty of other parties or their counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of another party, that party must notify the Court sufficiently in advance of the Final Pretrial Conference to allow resolution of the issue before the time set for the Conference.

At the conference to prepare the proposed Final Pretrial Order, all parties must agree upon the real issues each party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy. The parties must agree upon

issues of law as well as ultimate issues of fact to be resolved at trial.  The parties must avoid duplication of issues and stipulations.  Any disputes will be resolved at the final pretrial conference.

THE PARTIES AND COUNSEL ARE REMINDED THAT NO PARTY WILL BE ALLOWED TO LIST IN THE FINAL PRETRIAL ORDER ANY EXHIBIT OR WITNESS NOT DISCLOSED OR PRODUCED BEFORE THE DISCOVERY DEADLINE AS REQUIRED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL https://ecf.msnd.circ5.dcn/cgi-bin/DisplayMenu.pl?CivilEvents RULES OF THIS COURT.

The parties and their counsel must then **jointly** prepare a **single** proposed Final Pretrial Order, with all parties' proposed inclusions, **and submit the proposed order to the magistrate judge via email SEVEN BUSINESS DAYS before the final pretrial conference is to take place.**  The final edited version of the Final Pretrial Order must be submitted to the United States Magistrate Judge as she may direct at the Final Pretrial Conference.  The parties must observe strict deadlines in preparing the Final Pretrial Order because this case has been set for trial.  Each party and its counsel will be **fined $150.00 per day** for each day the proposed order is late and **$150 .00 per day** for each day the final edited version of the Final Pretrial order is late.

ATTORNEYS WHO WISH TO BRING CELL PHONES OR LAPTOP COMPUTERS MUST NOTIFY THE COURT AT LEAST TWO DAYS BEFORE THE PROCEEDING SO COURT SECURITY PERSONNEL MAY BE INFORMED**.**

This the 18th day of September, 2020.

        /s/ Roy Percy_____
        UNITED STATES MAGISTRATE JUDGE