IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
Oxford Division

| | |
|---|---|
| JOHN RASH, ) | |
| ) | |
|     *Plaintiff*, ) | Civil No. 3:20-cv-00224-NBB-RP |
| v. ) | |
| ) | **ORAL ARGUMENT REQUESTED** |
| LAFAYETTE COUNTY, MISSISSIPPI, ) | |
| ) | |
|     *Defendant*. ) | |
| ) | |

## **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff John Rash respectfully moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the following issues: (i) the grounds of the Lafayette County Circuit Court (the "Courthouse Grounds") are a traditional public forum; (ii) the County ordinance closing the Courthouse Grounds, without exception, as of thirty minutes before dusk violates the First Amendment; and (iii) the County ordinance requiring permits for gatherings of more than a handful of people on Courthouse Grounds violates the First Amendment.

1.    Plaintiff John Rash is an Oxford resident who works as a documentary filmmaker, photographer, visual artist, and educator. On July 14, 2020, Plaintiff applied for a permit to use the Courthouse Grounds for an annual art event he holds as part of the Oxford Fringe Festival. The County denied Plaintiff's permit application based on the policies challenged herein, depriving him of the ability to exercise his First Amendment rights. Through this lawsuit, Plaintiff seeks both to hold the County accountable for this past deprivation of his rights, and to vindicate his ongoing interests in holding artistic events, and participating in political and other speech and expressive conduct, on the Courthouse Grounds.

2. First, summary judgment should be granted to Plaintiff on the issue of First Amendment forum analysis. The undisputed evidence demonstrates that the Courthouse Grounds constitute a traditional public forum. As this Court found in a previous ruling, the Courthouse Grounds "are open to the public and function as a public park with grass, benches, trees, and pedestrian pathways. The courthouse grounds have long been a site of protests, rallies, and other community activities. Use of the grounds was largely unregulated until 2015 when the County established a permitting process for public gatherings and other uses." ECF No. 26 at 2. The facts developed in discovery confirm the Court's preliminary analysis of the characteristics and historical uses of the Courthouse Grounds. Under well-established law, a public space with these characteristics is clearly a traditional public forum. Thus, summary judgment on the status of the Courthouse Grounds as a traditional public forum is appropriate.

3. Second, summary judgment should be granted in Plaintiff's favor on the question of whether the County's order closing the Courthouse Grounds thirty minutes before dusk (the "Closure Order") is an unreasonable time, place, and manner restriction that violates the First Amendment. The evidence developed in discovery demonstrates that the Closure Order is not narrowly tailored to serve a significant government interest. The evidence fails to substantiate any specific safety concerns beyond those that might exist in any public space, or to demonstrate that the Sheriff's Department cannot provide security for events on Courthouse Grounds around or after dusk, especially to the extent that the County already has advance notice, via the permitting process, for large events that might require extra security. The undisputed facts thus establish that the Closure Order—which by its terms purports to close the Courthouse Grounds to even a single person, during a vague and ill-defined period of time that could commence before 5:00 p.m. during

certain winter months—is greatly overbroad and thus fails the constitutional requirement of narrow tailoring.

4. Third, Plaintiff is also entitled to an order granting summary judgment in his favor on the issue of whether the requirement that small groups of people obtain permits to engage in political or other First Amendment-protected speech on Courthouse Grounds is an impermissible prior restraint. Under First Amendment precedent, ordinances requiring a permit for demonstrations by a handful of people are not narrowly tailored to serve a significant government interest and are thus unconstitutional. Nothing in the record could lead a reasonable juror to determine that an exception to this well-established legal rule is warranted, or that a permitting requirement applicable to a single person, or a group of five persons, is necessary in light of asserted government interests in public order and security. Plaintiff is therefore entitled to summary judgment on this issue as well.

5. Pursuant to Local Civil Rule 7(b)(6)(A), Plaintiff respectfully requests oral argument on this Motion.

6. In support of this Motion, Plaintiff submits the exhibits listed below and an accompanying Memorandum of Law in support.

**Exhibit 1:** Lafayette County Facility Use Policy, Effective Date: April 20, 2015.

**Exhibit 2:** March 4, 2019 Lafayette County Board of Supervisors Order: Board Adopted and Amended the Facility Use Policy.

**Exhibit 3:** June 15, 2020 Lafayette County Board of Supervisors Order: Amend Facility Use Policy Regarding Use of Courthouse Grounds.

**Exhibit 4:** Transcript of the December 3, 2020 deposition of Jeffrey Glynn Busby.

**Exhibit 5:** Transcript of the December 8, 2020 deposition of Kevin Frye.

**Exhibit 6:** Transcript of the December 15, 2020 deposition of David Rikard.

**Exhibit 7:**   Transcript of the December 17, 2020 deposition of Lisa Carwyle.

**Exhibit 8:**   Transcript of the December 18, 2020 deposition of Sheriff Joey East.

**Exhibit 9:**   Transcript of the December 23, 2020 deposition of Larry Gillespie.

**Exhibit 10:**  Transcript of the January 7, 2021 deposition of Jeff McCutchen.

**Exhibit 11:**  Transcript of the January 13, 2021 deposition of Mike Roberts.

**Exhibit 12:**  Transcript of the January 14, 2021 deposition of Brent Allen Larson.

**Exhibit 13:**  Transcript of the January 15, 2021 deposition of Chad McLarty.

**Exhibit 14:**  Photo of the Courthouse and Courthouse grounds, Bates no. RASH_2660.

**Exhibit 15:**  Photo of the Courthouse and Courthouse grounds, Bates no. RASH_2690.

**Exhibit 16:**  Photo of the Courthouse and Courthouse grounds, Bates no. RASH_2695.

**Exhibit 17:**  Photo of the Courthouse and Courthouse grounds, Bates no. RASH_2697.

**Exhibit 18:**  Photo of the Courthouse and Courthouse grounds, Bates no. RASH_2701.

**Exhibit 19:**  Photo of the Courthouse and Courthouse grounds, Bates no. RASH_2713.

**Exhibit 20:**  Photo of the Courthouse Confederate Monument, Exhibit 19 of the Deposition of David Rikard.

**Exhibit 21:**  Photo of the Courthouse Confederate Monument, Exhibit 20 of the Deposition of David Rikard.

**Exhibit 22:**  Photo of the Courthouse Confederate Monument, Exhibit 21 of the Deposition of David Rikard.

**Exhibit 23:**  Photo of the Courthouse and Courthouse grounds, Bates no. RASH_2663.

**Exhibit 24:**  January 4, 2019 email from Lisa Carwyle re: Oxford Maker's Market, Bates nos. Lafayette County Doc000055-56.

**Exhibit 25:**  February 27, 2019 email from Lisa Carwyle re: YAC Operations, Bates no. Lafayette County Doc000103.

**Exhibit 26:**  "Bluff City Law" Permit Application, Bates no. Lafayette County Doc000096.

**Exhibit 27:** "Annual Service for JESUS" Permit Application, Bates no. Lafayette County Doc000017.

**Exhibit 28:** July 11, 2019 email from Lisa Carwyle to Wayne Andrews re: Oxford Film Fest, Bates no. Lafayette County Doc000040.

**Exhibit 29:** "Memorial Service for Anthony Hervey" Permit Application, Bates no. Lafayette County Doc000139.

**Exhibit 30:** Photo from the PROJECT(ion) 2019 event, Exhibit 41 of the Deposition of Sheriff Joey East.

**Exhibit 31:** Photo from the PROJECT(ion) 2019 event, Exhibit 42 of the Deposition of Sheriff Joey East.

**Exhibit 32:** Photo from the PROJECT(ion) 2019 event, Exhibit 43 of the Deposition of Sheriff Joey East.

**Exhibit 33:** Lisa Carwyle emails and Permit Application re: July, 2020 "#Love Your Neighbor," Bates nos. Lafayette County Doc000311-313.

**Exhibit 34:** Lisa Carwyle email and Permit Application re: "Mississippi Stands 2.0," Bates nos. Lafayette County Doc000308-309.

**Exhibit 35:** "Anthony Hervey Vigil" Permit Application, Bates no. Lafayette County Doc000022.

**Exhibit 36:** Photo of Anthony Hervey Vigil, Exhibit 64 of the Deposition of Sheriff Joey East.

**Exhibit 37:** Photo of Anthony Hervey Vigil, Exhibit 65 of the Deposition of Sheriff Joey East.

**Exhibit 38:** August 2020 "#Love Your Neighbor" Permit Application, Bates no. Lafayette County Doc000034.

**Exhibit 39:** Lafayette County Board of Supervisors June 22, 2020 Agenda, Bates nos. Lafayette County Doc000752-753.

**Exhibit 40:** Lafayette County Board of Supervisors July 6, 2020 Board Minutes, Bates nos. Lafayette County Doc000011-13.

**Exhibit 41:** Lisa Carwyle and Joey East emails and Permit Application re: "Worship & Prayer," Bates nos. Lafayette County Doc000346, 342, and 344.

**Exhibit 42:** November 18, 2020 email from Sheriff Joey East re: Oxford Police Records, Exhibit 60 of the Deposition of Sheriff Joey East.

**Exhibit 43:** Oxford Police Records, Exhibit 61 of the Deposition of Sheriff Joey East.

**Exhibit 44:** June 16, 2020 Permit Application for "Visit Oxford."

**Exhibit 45:** John Rash's 2020 "PROJECT(ion)" Permit Application, Bates no. Lafayette County Doc000030.

**Exhibit 46:** Emails from Lisa Carwyle to John Rash re: PROJECT(ion) Permit Application, Bates no. Lafayette County Doc000038.

**Exhibit 47:** Declaration of John Rash.

**Exhibit 48:** Declaration of Joe York.

**Exhibit 49:** Transcript of the Court's August 5, 2020 hearing on the Preliminary Injunction Motion.

**Exhibit 50:** Lafayette County Facility Use Policy, Effective Date: July 20, 2020.

**Exhibit 51:** July 20, 2020 Lafayette County Board of Supervisors Order: Amend Revision of Facilities Use Policy to Include a Requirement of Application to be Made 14 Days Prior to date of Proposed Use and Requiring Closure of Courthouse Grounds 30 Minutes Before Dusk.

**Exhibit 52:** Defendant's Responses to Plaintiff's First Set of Interrogatories.

**Exhibit 53:** June 19, 2020 email from constituent Raymond Settle, Bates no. Lafayette County Doc000848.

**Exhibit 54:** June 17, 2020 email from constituent Sheila McKinney, Bates no. Lafayette County Doc001262.

**Exhibit 55:** Second Declaration of John Rash.

RESPECTFULLY SUBMITTED, this Second day of February, 2021.

                                                /s/ Joshua Tom

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood (*pro hac vice*)<br>Isaac Rethy (*pro hac vice*)<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000<br>jyoungwood@stblaw.com<br>irethy@stblaw.com<br><br>C. Jackson Williams, MS Bar No. 7226<br>P.O. Box 69<br>Taylor, MS 38673<br>Phone: (662) 701-9447<br>cjxn@mac.com | AMERICAN CIVIL LIBERTIES UNION OF<br>MISSISSIPPI FOUNDATION, INC.<br>Joshua Tom, MS Bar. No 105392<br>Landon Thames, MS Bar No. 105127<br>P.O. Box 2242<br>Jackson, MS 39225<br>Phone: (601) 354-3408<br>jtom@aclu-ms.org<br>lthames@aclu-ms.org |