IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
Oxford Division

| | |
|---|---|
| JOHN RASH, | ) |
| | ) |
| *Plaintiff*, | ) Civil No. 3:20-cv-00224-NBB-RP |
| v. | ) |
| | ) |
| LAFAYETTE COUNTY, MISSISSIPPI, | ) **ORAL ARGUMENT REQUESTED** |
| | ) |
| *Defendant.* | ) |
| | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff John Rash respectfully submits this response in opposition to the Motion for Summary Judgment filed by Defendant Lafayette County, Mississippi (the "County"). Pursuant to L.U. Civ. R. 7(b)(6)(A), Plaintiff respectfully requests oral argument on Defendant's Motion.

1. Plaintiff has standing to challenge each of the provisions of the County policy at issue. Plaintiff has engaged multiple times in First Amendment-protected conduct on the grounds of the historic Lafayette County Circuit Courthouse (the "Courthouse Grounds"), including by participating in and documenting political gatherings and protests and by holding organized public art events. Plaintiff intends to do both, again, in the future. The County has prohibited Plaintiff from holding public art events on the Courthouse Grounds as a result of the County's curfew policy (the "Closure Order"), and intends to continue to do so. The County has also imposed a requirement that persons seeking to "use" the Courthouse Grounds obtain a permit, recently amended to apply even to use by a single person. This policy chills Plaintiff's ability to engage in First Amendment-protected conduct on the Courthouse Grounds, including participating in and documenting political gatherings and protests, due to the risk that doing so without a permit would

contravene County policy and potentially subject Plaintiff to legal liability. The fourteen-day advance notice requirement for permits, as well as the County's policies of assessing "Sheriff Protection" fees and imposing indemnity and insurance requirements, also apply to Plaintiff and render the permitting process unreasonably burdensome. Plaintiff has been and continues to be injured by each of these provisions and has standing to sue to vindicate his constitutional rights.

2. The County seeks summary judgment by arguing that the Courthouse Grounds are a nonpublic forum primarily restricted to government use. This, however, is contrary to the factual record and the law. The Courthouse Grounds, located at the center of the Oxford town square, have for generations played a key role in the city's and County's political, social, and cultural life. Public space in a town square is a paradigmatic example of a traditional public forum in which First Amendment rights enjoy the highest level of protection. Summary judgment should be granted *for Plaintiff* on this issue, not to the County.

3. The County fails to carry its burden of showing that no disputed facts exist as to whether the Closure Order is a reasonable time, place, and manner restriction. A traditional public forum cannot be closed to all First Amendment-protected activity thirty minutes before dusk each day, simply based on generalized public safety concerns. The evidence submitted by the County shows, at best, that the Oxford town square is a hub of nightlife activity on certain weekend and holiday nights. The County's solution of imposing a total curfew that purports to preclude any use of the Courthouse Grounds as of thirty minutes before dusk is not narrowly tailored and cannot withstand constitutional scrutiny. Summary judgment should be granted *for Plaintiff* on this issue as well.

4. The County also fails to carry its burden of showing that no disputed facts exist as to the constitutionality of its imposition of a permitting requirement for use of the Courthouse

Grounds by a single person, or groups of more than four. This policy constitutes an impermissible prior restraint. The public safety and competing use concerns that justify permitting requirements in certain cases do not apply to uses by individuals or small groups. The County's own evidence shows that use of the Courthouse Grounds by more than four persons does not present the sort of concerns that could justify a permit requirement. Moreover, the County's interpretation and application of its permitting requirement is unconstitutionally vague, as the County fails to coherently articulate the circumstances under which its permitting policy will actually be enforced.

5. The County's cursory arguments as to why summary judgment should be granted to the County on Plaintiff's remaining challenges also fail. The fourteen-day advance notice requirement is considerably longer than those that have withstood constitutional scrutiny. The County does not point to any evidence suggesting that such a lengthy period is necessary; in fact, the evidence is to the contrary. The discretion given to the Sheriff to assess "Sheriff Protection" fees is unconstitutional because those fees can be assessed based on the Sheriff's judgment as to whether a particular event is controversial, which amounts to an improper content-based restraint on speech. The same is true of the County's insurance requirement. Similarly, the County's requirement that permit applicants agree to indemnify the County for the actions of third parties also imposes too high a price on the exercise of constitutional rights. Finally, the County mentions but never discusses its sound amplification regulations and is not entitled to summary judgment on them.

6. In support of this Response, Plaintiff relies on the exhibits listed below and the accompanying Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, submitted herewith.

**Exhibit 1:** Emails from Lisa Carwyle to John Rash re: PROJECT(ion) Permit Application, Bates no. Lafayette County Doc000038. [Rash MSJ Ex. 46[1]]

**Exhibit 2:** February 2, 2021 Declaration of John Rash. [Rash MSJ Ex. 55]

**Exhibit 3:** June 14, 2020 email from John Rash to Wayne Andrews and Valerie Polgar, Bates No. RASH_0161.

**Exhibit 4:** PROJECT(ion) Artists Proposal Google form, Bates No. RASH_0217.

**Exhibit 5:** February 4, 2020 email from John Rash to Valerie Polgar, Bates No. RASH_0142.

**Exhibit 6:** August 9, 2020 email from John Rash to YAC Operations, Bates No. RASH_0202.

**Exhibit 7:** PROJECT(ion) event photo, Bates No. RASH_0251.

**Exhibit 8:** PROJECT(ion) event photo, Bates No. RASH_0275.

**Exhibit 9:** PROJECT(ion) event photo, Bates No. RASH_0303.

**Exhibit 10:** Transcript of the December 17, 2020 deposition of Lisa Carwyle. [Rash MSJ Ex. 7]

**Exhibit 11:** January 4, 2019 email from Lisa Carwyle re: Oxford Maker's Market, Bates Nos. Lafayette County Doc000055-56. [Rash MSJ Ex. 24]

**Exhibit 12:** February 27, 2019 email from Lisa Carwyle re: YAC Operations, Bates No. Lafayette County Doc000103. [Rash MSJ Ex. 25]

**Exhibit 13:** "Annual Service for JESUS" Permit Application, Bates No. Lafayette County Doc000017. [Rash MSJ Ex. 27]

**Exhibit 14:** Transcript of the December 18, 2020 deposition of Sheriff Joey East. [Rash MSJ Ex. 8]

**Exhibit 15:** July 11, 2019 email from Lisa Carwyle to Wayne Andrews re: Oxford Film Fest, Bates No. Lafayette County Doc000040. [Rash MSJ Ex. 28]

**Exhibit 16:** Photo from the PROJECT(ion) 2019 event, Exhibit 41 to the Deposition of Sheriff Joey East. [Rash MSJ Ex. 30]

---

[1] Exhibits that were also submitted in support of Plaintiff's Partial Motion for Summary Judgment (ECF No. 66) are cross-referenced here for the Court's convenience as "Rash MSJ Ex. __." In Plaintiff's Memorandum of Law in opposition to Defendant's motion, Plaintiff's exhibits are cited as "PX __" and exhibits submitted with Defendant's motion are cited as "DX __."

4

**Exhibit 17:** Photo from the PROJECT(ion) 2019 event, Exhibit 42 to the Deposition of Sheriff Joey East. [Rash MSJ Ex. 31]

**Exhibit 18:** Photo from the PROJECT(ion) 2019 event, Exhibit 43 to the Deposition of Sheriff Joey East. [Rash MSJ Ex. 32]

**Exhibit 19:** Lisa Carwyle emails and Permit Application re: July, 2020 "#Love Your Neighbor," Bates Nos. Lafayette County Doc000311-313. [Rash MSJ Ex. 33]

**Exhibit 20:** August 2020 "#Love Your Neighbor" Permit Application, Bates no. Lafayette County Doc000034. [Rash MSJ Ex. 38]

**Exhibit 21:** Lisa Carwyle email and Permit Application re: "Mississippi Stands 2.0," Bates Nos. Lafayette County Doc000308-309. [Rash MSJ Ex. 34]

**Exhibit 22:** "Memorial Service for Anthony Hervey" Permit Application, Bates No. Lafayette County Doc000139. [Rash MSJ Ex. 29]

**Exhibit 23:** Transcript of the January 7, 2021 deposition of Jeff McCutchen. [Rash MSJ Ex. 10]

**Exhibit 24:** "Anthony Hervey Vigil" Permit Application, Bates No. Lafayette County Doc000022. [Rash MSJ Ex. 35]

**Exhibit 25:** Photo of Anthony Hervey Vigil, Exhibit 64 to the Deposition of Sheriff Joey East. [Rash MSJ Ex. 36]

**Exhibit 26:** Photo of Anthony Hervey Vigil, Exhibit 65 to the Deposition of Sheriff Joey East. [Rash MSJ Ex. 37]

**Exhibit 27:** Transcript of the December 3, 2020 deposition of Jeffrey Glynn Busby. [Rash MSJ Ex. 4]

**Exhibit 28:** Transcript of the December 8, 2020 deposition of Kevin Frye. [Rash MSJ Ex. 5]

**Exhibit 29:** Transcript of the January 15, 2021 deposition of Chad McLarty. [Rash MSJ Ex. 13]

**Exhibit 30:** "Bluff City Law" Permit Application, Bates No. Lafayette County Doc000096. [Rash MSJ Ex. 26]

**Exhibit 31:** Photo of the Courthouse and Courthouse grounds, Bates No. RASH_2697. [Rash MSJ Ex. 17]

**Exhibit 32:** Photo of July 4, 2020 pro-Confederate demonstration on the Courthouse grounds, attached as Exhibit 2 to the July 30, 2020 Declaration of John Rash (ECF No. 3-6).

5

**Exhibit 33:** February 22, 2021 Declaration of Kevin W. Frye.

**Exhibit 34:** Jack Lamar Mayfield, *Images of America: Oxford and Ole Miss* (excerpts).

**Exhibit 35:** February 26, 2019 email from Lisa Carwyle to Kevin Frye and David O'Donnell.

**Exhibit 36:** Defendant's Responses to Plaintiff's First Set of Interrogatories. [Rash MSJ Ex. 52]

**Exhibit 37:** November 18, 2020 email from Sheriff Joey East re: Oxford Police Records, Exhibit 60 to the Deposition of Sheriff Joey East. [Rash MSJ Ex. 42]

**Exhibit 38:** Oxford Police Records, Exhibit 61 to the Deposition of Sheriff Joey East. [Rash MSJ Ex. 43]

**Exhibit 39:** Transcript of the December 23, 2020 deposition of Larry Gillespie. [Rash MSJ Ex. 9]

**Exhibit 40:** September 3, 2020 email from David Rikard re: Ole Miss football march, Exhibit 14 to the Deposition of David Rikard, Bates Nos. Lafayette County Doc000046-47.

**Exhibit 41:** Transcript of the December 15, 2020 deposition of David Rikard. [Rash MSJ Ex. 6]

**Exhibit 42:** Transcript of the January 13, 2021 deposition of Mike Roberts. [Rash MSJ Ex. 11]

**Exhibit 43:** Transcript of the January 14, 2021 deposition of Brent Allen Larson. [Rash MSJ Ex. 12]

**Exhibit 44:** June 30, 2020 email from Sheriff Joey East to Lisa Carwyle re: facility use permit and policy, Exhibit 22 of the Deposition of Sheriff Joey East, Bates Nos. Lafayette County Doc000296-302.

**Exhibit 45:** Castens, E., "Lafayette County Courthouse Remains Anchor of Community," Daily Journal, Nov. 26, 2012, available at https://www.djournal.com/news/lafayette-county-courthouse-remains-anchor-of-community/article_0b502e0d-177b-512e-a506-f05f0ffc0ead.html.

**Exhibit 46:** "The Square," May 21, 2013, Hotty Toddy, https://www.hottytoddy.com/2013/05/21/the-square/.

**Exhibit 47:** Boyer, A., "William Faulkner's Mississippi," The Washington Post, June 3, 1984, available at https://www.washingtonpost.com/archive/lifestyle/travel/1984/06/03/william-faulkners-mississippi/79c5a57b-af93-47ec-a5e5-1bebedd45468/.

6

**Exhibit 48:** "The Original Square Squatters," May 13, 2013, Hotty Toddy, https://www.hottytoddy.com/2013/05/13/the-original-square-squatters/.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully submits that Defendant's Motion for Summary Judgment should be denied.

RESPECTFULLY SUBMITTED, this Twenty-Second day of February, 2021.

/s/ Joshua Tom

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood (*pro hac vice*)
Isaac Rethy (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
irethy@stblaw.com

C. Jackson Williams, MS Bar No. 7226
P.O. Box 69
Taylor, MS 38673
Phone: (662) 701-9447
cjxn@mac.com

AMERICAN CIVIL LIBERTIES UNION OF
MISSISSIPPI FOUNDATION, INC.
Joshua Tom, MS Bar. No 105392
Landon Thames, MS Bar No. 105127
P.O. Box 2242
Jackson, MS 39225
Phone: (601) 354-3408
jtom@aclu-ms.org
lthames@aclu-ms.org

## **CERTIFICATE OF SERVICE**

I, Joshua Tom, hereby certify that on February 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties on file with the Court.

/s/ Joshua Tom
Joshua Tom