**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOHN RASH**                                                                               **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.: 3:20-CV-224-NBB-RP**

**LAFAYETTE COUNTY, MISSISSIPPI**                                       **DEFENDANT**

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

---

COMES NOW, Lafayette County, Mississippi, the Defendant in the above-styled and numbered cause, by and through counsel, and files its Memorandum of Authorities in Support of the Defendant's Response in Opposition to Plaintiff's Motion In Limine, and would state as follows:

### I. Introduction

The motion in limine should be denied because it serves no real purpose in the context of a non-jury trial involving simple evidentiary issues where it is presumed that the court, as the trier of fact, is not unduly prejudiced by, and will disregard, references to inadmissible evidence in rendering a verdict. Further, the motion inappropriately seeks definitive evidentiary rulings on the admissibility of certain evidence (the 2021 Facility Use Policy, Busby's reference to Joseph Johnson's justification for the enactment of the 2015 Facility Use Policy, and the photos and video) which is admissible depending on the purpose of its use. The plaintiff's argument for the

exclusion of the 2021 policy revision, in particular, also goes to the weight of the evidence, not its admissibility.

## II. Motions In Limine and Bench Trials

**A**lthough the plaintiff acknowledges that the central purpose of a motion in limine is to address evidentiary issues which, according to their "complexity or potentially prejudicial nature" are best addressed before trial begins, he makes no case that either interest is served in the context of the scheduled June 7, 2021 bench trial in this cause. The courts in the Fifth Circuit have consistently held that a motion in limine "serves no real purpose in a bench trial since the court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." Gentiva Certified Health Care Corp. v. Rayborn, 2016 U.S. Dist. LEXIS 4278 (S.D. Miss. 2016); see also Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc., 2013 U.S. Dist. LEXIS 234 (S.D. Miss. 2013) (motions in limine "serve no real purpose in a bench trial). Mitchell v. Metro. Life Ins. Co., 1994 U.S. App. LEXIS 42089 (5th Cir. 1994) (a judge, sitting as the trier of fact, "is presumed to have rested his verdict only on admissible evidence before him and to have disregarded that which is inadmissible"); Government of the Canal Zone v. Jimenez, 580 F.2d 897, 898 (5th Cir. 1978). Indeed, in Cramer v. Sabine Transp. Co., 141 F. Supp.2d 727, 733 (S.D. Tex. 2001), the district court observed that "in the context of a bench trial, a motion in limine is asinine on its face" because such motions are inherently designed to "prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the court's permission to broach the topic."

Here, there is no risk of prejudice and neither are the evidentiary issues presented in the present motion of such "complexity" that they require lengthy and considered pretrial review. Moreover, the exclusion of the evidence at issue is appropriate only if it is "clearly inadmissible

2

on all potential grounds." EEOC v. First Metro. Fin. Serv., 2021 U.S. Dist. LEXIS 14359 (N.D. Miss. 2021). The plaintiff has not met this burden and the court should defer its ruling until such time the evidence is sought to be admitted "so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." Id.

### III. Former County Administrator's Justification for the 2015 Facility Use Policy's Enactment

The Plaintiff wrongly contends that Jeff Busby's (a former Lafayette County Supervisor and President of the Board of Supervisors) reference to Joseph Johnson's (a former County Administrator) justification for the enactment of the 2015 Facility Use Policy constitutes inadmissible hearsay. The present motion refers to Busby's deposition testimony where he explained why the Board of Supervisors initially adopted a written facility use policy in 2015 and therefore the reference to Johnson's statement goes to the County's motivation for the policy's enactment. Evidence as the actual uses of the County's facilities and Courthouse grounds, in particular, and related unwritten County policies and procedures prior to the written 2015 policy is relevant to the nature of the First Amendment forum and would come from Busby and other witnesses who will testify from personal first-hand observations.

### IV. Evidence of Public Safety or Traffic Safety "Issues" or Incidents

The present motion presents a confusing and ambiguous argument as to the exclusion of "public and traffic incidents" which may have served as a basis of the 2019 and 2020 Facility Use Policy revisions, as opposed to evidence of the County's concerns over the public (pedestrian) and traffic safety risks inherent in the evening use of the Courthouse grounds and "incidents" having occurred outside the grounds but within the Courthouse Square. Although the County has not identified or produced evidence of "incidents" occurring within the Courthouse grounds (arrests or citations) there was considerable testimony and proof of public safety and

3

traffic "incidents" having occurred within the Courthouse Square (accidents, arrests and citations), as well as a general yet real concern by the County over the risks inherent in the evening use of the Courthouse grounds which motivated the closure of the grounds from "dusk to dawn."

## V. The 2021 Facility Use Policy

The plaintiff also seeks the blanket exclusion of the 2021 version of the Facility Use Policy because it is an "after-the-fact justification for the policies at issue contained in the document," presumably because the policy emphasizes that the use of the Courthouse grounds "is limited given that it is primarily a place of court business." Not only does the argument not justify the exclusion of the document as inadmissible, it incorrectly insinuates that the referenced language served as a "post hoc" rationalization for the policy's permit requirement as applied to the Courthouse grounds. For example, the 2015 and 2019 Facility Use Policies which controlled the use of "public areas" of County owned facilities, defined to include "the grounds and lobbies of County buildings" (as does the 2021 Policy) emphasize that "the primary use of the County facilities is for the conduct of County government business" and that permitted uses "must not interfere with County government functions, operations and business." Thus, the referenced language in the 2021 Policy revisions (which continue to emphasize the obvious point that permitted uses of the Courthouse grounds are limited because "it is primarily a place of business") is not a "post hoc rationalization." Instead, the added language is consistent with other statements in every version of the Facility Use Policy and the common sense notion that permitted uses shall not interfere with court operations.

4

## VI. Pre-Admission of Photographic and Video Evidence

The Plaintiff asserts that the series of photos and video of the Courthouse and Square in daylight and nighttime conditions are a "fair and accurate" depiction of the layout of these areas, but that is very much in dispute because many of the photos and video plainly distort the true dimensions of the courthouse grounds and the lighting conditions at night in ways that benefit the plaintiff's case. These issues are material to (1) whether the grounds constitute an unlimited public forum and (2) the Defendant's justifications for closing the grounds from "dusk to dawn" and requiring permits for use of the grounds for groups of five or larger. The Defendant therefore objects to the "pre-admission" of these exhibits.

## VII. Conclusion

Wherefore, premises considered, the Defendant respectfully requests that this Court deny the present motion and defer ruling on the admissibility of the subject evidence until trial. The Defendant also requests any other relief which the court may find warranted in the premises.

THIS, the 23rd day of April, 2021.

Respectfully submitted,

CLAYTON O'DONNELL PLLC
1403 VAN BUREN AVENUE, SUITE 103
P.O. Drawer 676
Oxford, MS 38655
Telephone: (662) 234-0900

/s/ David D. O'Donnell
**DAVID D. O'DONNELL, MSB #3912**
*Attorney for Lafayette County, Ms., Defendant*
dodonnell@claytonodonnell.com

5

## CERTIFICATE OF SERVICE

I, David D. O'Donnell, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 23rd day of April, 2021.

/s/ David D. O'Donnell
**DAVID D. O'DONNELL, MSB# 3912**
dodonnell@claytonodonnell.com