**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOHN RASH**                                                                 **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 3:20-cv-224-NBB-RP**

**LAFAYETTE COUNTY, MISSISSIPPI**                              **DEFENDANT**

**ORDER DENYING SUMMARY JUDGMENT**

This cause comes before the court upon the plaintiff's motion for partial summary judgment and the defendant's motion for summary judgment. Upon due consideration of the motions, responses, exhibits, and applicable authority, the court is ready to rule.

Plaintiff John Rash filed his complaint in this action in conjunction with a motion for preliminary injunction on July 31, 2020, challenging and seeking injunctive relief against the enforcement of the facility use permitting policies of defendant Lafayette County, Mississippi – policies which Rash asserts unlawfully infringed upon his First Amendment right to engage in free speech on the grounds of the historic Lafayette County Courthouse located within the Oxford, Mississippi town square.

Rash is an Oxford resident who works as a documentary filmmaker, photographer, visual artist, and educator. Rash submitted a permit application to Lafayette County Administrator Lisa Carwyle on July 14, 2020, seeking to project a visual art display onto the walls of the courthouse as part of an art event called "PROJECT(ion)," which itself was to be a part of the larger Oxford Yoknapatawpha Arts Council's annual production of "The Art-ER Limits" (also known as Oxford's "Fringe Festival"). Last year's festival took place on the weekend of August 7, 2020, with Rash's PROJECT(ion) event scheduled to take place on the evening of August 8 from 8:00 p.m. until 10:00 p.m. The previous three years' events also included light installations curated

by Rash and projected onto the courthouse, some with political themes. Because of the light projection nature of the art installation, it must occur after nightfall to be clearly visible.

In addition to the courthouse walls, last year's event was to include projection onto a large screen installed in an area adjacent to the Oxford City Hall, just across the street from the courthouse. A permit was submitted to the City of Oxford on July 16, 2020, seeking permission to use the City Hall Plaza on August 8 from 5:00 p.m. until 11:30 p.m. to stage the PROJECT(ion) event. The City approved the permit on August 4, 2020.

Carwyle informed Rash on July 23, 2020, that the permit for use of the courthouse was denied based on the County's "Facility Use Policy," which prohibited any use "after dusk due to security issues." Rash responded to the permit denial by filing the present action and seeking immediate injunctive relief on July 31, 2020. The original complaint asserted a purely "as applied" First Amendment challenged to the County's denial of the permit. This court held a hearing on the preliminary injunction motion on August 5, 2020, which included the testimony of the plaintiff and defendant's witnesses, County Administrator Carwyle and Lafayette County Sheriff Joey East. The court found the dusk-to-dawn rule content neutral and narrowly tailored to serve the significant government interest of public safety. The court further found that Rash was afforded an ample alternative channel of communication in the forum at Oxford City Hall, directly across the street and mere feet from the county courthouse, thus allowing Rash to reach a very similar, if not identical, audience. The court explicitly refrained from determining whether the Lafayette County Courthouse is a traditional, designated, or nonpublic forum, finding such a determination unnecessary because the court found at that time that the County's policy and actions would survive the highest level of scrutiny applicable. Accordingly, the court denied the plaintiff's motion for preliminary injunction.

Rash subsequently amended his complaint to include, in addition to his "as applied" challenge to the dusk-to-dawn closure rule, facial challenges to other aspects of the County's Facility Use Policy, namely, (1) that the 5-person permit requirement is not narrowly tailored, (2) that the 14-day advance notice period is too long and thus potentially chills free speech, (3) that the dusk-to-dawn closure is arbitrary and vague, (4) that the insurance, indemnity, and potential obligation to pay additional event security costs are not narrowly tailored, and (5) that the policy is generally enforced to favor particular content and not applied in a content neutral manner. Rash has now moved for partial summary judgment, and Lafayette County has moved for summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986).

"Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Upon review of the record in this case, the court finds genuine issues of material fact, including whether the defendant's motivation in amending the Facility Use Policy was to restrict speech, whether the defendant's assertions regarding public safety and traffic safety around the courthouse grounds are valid, and whether the courthouse grounds have historically been used in a manner consistent with, and generally considered to be, a traditional public forum. Because genuine issues of material fact exist in this case, the court finds that the parties' motions for summary judgment should be denied, and this case should proceed to a trial on the merits.

Accordingly, it is **ORDERED AND ADJUDGED** that the plaintiff's motion for partial summary judgment is **DENIED** and the defendant's motion for summary judgment is **DENIED**.

This 24th day of September, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE