IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHN RASH                                                                                PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:20-cv-224-NBB-RP

LAFAYETTE COUNTY, MISSISSIPPI                                         DEFENDANT

## ORDER DENYING MOTIONS IN LIMINE

This cause comes before the court upon the plaintiff's combined motions in limine. The plaintiff seeks to exclude Lafayette County's 2021 Facility Use Policy, certain deposition testimony of former County Supervisor Jeff Busby regarding the 2015 Facility Use Policy, and certain evidence of public safety and traffic safety issues or incidents around the Lafayette County Courthouse. The plaintiff also seeks to pre-admit certain photographic and video evidence.

The court finds that the combined motions should be denied at this point. The courts in the Fifth Circuit have consistently held that a motion in limine "serves no real purpose in a bench trial since the court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Gentiva Certified Health Care Corp. v. Rayborn*, 2016 U.S. Dist. LEXIS 4278 (S.D. Miss. 2016); *see also Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc.*, 2013 U.S. Dist. LEXIS 234 (S.D. Miss. 2013) (motions in limine "serve no real purpose in a bench trial"); *Mitchell v. Metro Life Ins. Co.*, 1994 U.S. App. LEXIS 42089 (5th Cir. 1994) (citing *Gov't of Canal Zone v. Jimenez*, 580 F.2d 897, 898 (5th Cir. 1978) (a judge sitting as the trier of fact "is presumed to disregard inadmissible evidence"); *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) ("Motions in limine are intended to prevent allegedly

prejudicial evidence from being so much as whispered before a jury prior to obtaining the court's permission to broach the topic. In a bench trial, such procedures are unnecessary….").

Accordingly, the court finds that the plaintiff's combined motions in limine are not well taken and should be denied at this time. The plaintiff may re-urge his objections at the bench trial. It is hereby **ORDERED** that the plaintiff's combined motions in limine are **DENIED**.

This 30th day of March, 2022.

 /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE